NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—May, 1885.

TOWNSEND v. PELL.

*In the matter of the estate of* ALEXANDER G. MERCER,
*deceased.*

Where a non-resident of the State died without its limits, leaving personal
property in New York county, which was taken into actual custody by
a domiciliary executrix before the filing of a petition in the Surrogate's
court of that county, in pursuance whereof the will was admitted to
probate here,—
*Held,* that the court had no judisdiction in the premises, and that the
decree must be set aside, and the letters issued to the petitioner
revoked.

APPLICATION to set aside decree admitting will to
probate, etc.   The facts are stated in the opinion.

JAMES STIKEMAN, *for J. J. Townsend.*

SCUDDER & CARTER, *for Anna Pell.*

THE SURROGATE.—This testator executed his will
at Newport, R. I., in 1870, and thereafter resided in
that city until November, 1882, when he died.   He
named Anna Pell as his executrix, and Edward King
and Frederick W. Rhinelander as his executors, and
directed that John J. Townsend should be substituted
in place of any one of the three who should fail to
qualify.   At the time of his death he was possessed of
no real estate in this county, and had no personal
property here except moneys on deposit in certain
banks and trust companies, and stocks and bonds in
the custody of bankers.   The will was proved in the

probate court at Newport, Rhode Island, and letters testamentary were subsequently issued by that court to Mrs. Pell. Mr. Townsend made application for letters, as Mr. King had predeceased the testator; but, as the security required in such cases by the law of Rhode Island was not furnished, Mr. Townsend's application was continued until the further order of the probate court; and no further order has as yet been made.

On August 29th, 1884, Mr. Townsend filed with the Surrogate of this county an exemplified copy of the testator's will and a decree of the probate court at Newport admitting it to probate, together with his petition praying for the probate thereof in this court and for issuance to him of letters testamentary. A decree was entered upon such petition in accordance with its prayer, and, on September 12th, 1884, letters testamentary were granted to Mr. Townsend. No citation was issued in that proceeding, and none was applied for, and no notice was given to Mrs. Pell, or to any other person, that such proceeding had been instituted. Mrs. Pell now seeks to set it aside. She alleges—and her allegation is not disputed—that soon after she had qualified as executrix, and before Mr. Townsend filed his petition with the Surrogate, she came to New York and reduced to her possession, as executrix, all the assets of her testator's estate that were within this county, collecting all sums of money here held upon deposit for his account, and taking into actual manual custody all bonds and certificates of stock belonging to the estate.

There is nothing in the averments of Mr. Towns-

end's affidavit respecting the action of the executrix in subsequently placing these assets, or a portion of them, in the custody of Mr. Griswold, inconsistent with Mrs. Pell's claim, that, at the time of the filing of Mr. Townsend's petition, there were no unadministered assets, and that there are now no unadministered assets, belonging to the testator's estate within the jurisdiction of this court. I am, therefore, of the opinion that, at the time of entering the decree herein, and of the granting of letters testamentary, the Surrogate was without authority in the premises (Evans v. Schoonmaker, 2 *Dem.*, 289 ; affi'd on appeal, Matter of Schoonmaker, 31 *Hun*, 638).

The application of Mrs. Pell is, therefore, granted, and that of Mr. Townsend, denied.